# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned August 20, 2012

## CANDICE M. VAN BIBBER (FORMERLY LANNIN-GLINSTRA) v. MARC A. GLINSTRA

**Appeal from the Chancery Court for Wilson County**
**No. 32565      James G. Martin, III, Judge**

**No. M2011-02428-COA-R3-CV - Filed August 22, 2012**

The father has appealed from an order entered on September 20, 2011, granting the mother's motion to dismiss the father's Tenn. R. Civ. P. 60 motion but reserving several other matters for a final hearing. Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3, Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., FRANK G. CLEMENT, JR., J. and ANDY D. BENNETT, J.

Marc A. Glinstra, Spring Hill, Tennessee, Pro Se.

Kelly Annette Greene, Nashville, Tennessee, for the appellee Candice M Van Bibber.

## MEMORANDUM OPINION[1]

This appeal arises out of a post-divorce dispute involving numerous custody, support and contempt issues. On September 20, 2011, the trial court entered an order granting the mother's motion to dismiss the father's "Motion to Alter or Amend a Judgment under Rule 60." The order reserved judgment on the issue of attorneys fees "for the Petitioner to argue in the final hearing set in the case for October 28, 2011." The court also granted the father's

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

motion for a continuance of the final hearing and consolidated the father's remaining motions into one "Motion for Modification of the Permanent Parenting Plan which will be heard . . . on October 28, 2011." On October 4, 2011, the father filed a motion to reconsider. The father filed his notice of appeal on October 18, 2011. The trial court denied the father's motion to reconsider on October 31, 2011. However, the record does not reflect that the trial court held a hearing on October 28, 2011, or that the trial court has ever entered an order disposing of the matters left unresolved in the September 20, 2011 order.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. The September 20, 2011 order does not resolve all the claims between the parties and is thus not a final appealable judgment.

On March 15, 2012, this court ordered the parties either to obtain a final order from the trial court and cause the same to be transmitted to this court in a certified supplemental record within sixty days or else to show cause why the appeal should not be dismissed. The father filed a response that did not dispute the lack of a final judgment but rather argued the merits of the appeal and asserted that the appeal should be allowed to proceed to prevent injustice. The court then granted the father additional time to obtain a final judgment through August 15, 2012. As of the date of this order, however, no final judgment has been received.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to the father and his surety for which execution may issue.

PER CURIAM